KELLY, Circuit Judge,
dissenting.
In my opinion, it was plain error to give the jury a willful blindness instruction in this case. A willful blindness instruction is appropriate only when the evidence is sufficient to support a jury’s finding that the “defendant was aware of facts that put him on notice that criminal activity was probably afoot and deliberately failed to make further inquiries, intending to remain ignorant.” United States v. Chavez-Alvarez, 594 F.3d 1062, 1067 (8th Cir. 2010). A willful blindness instruction “should not be given ,.. when the evidence points solely to either actual knowledge or no knowledge of the facts in question.” Parker, 364 F.3d at 946 (alteration in original) (internal quotation omitted). Here, the government’s theory of the case was that Novak had actual knowledge of the child pornography stored in an encrypted file on his external hard drive. Novak’s defense was that he did not, and indeed could not, know about the child pornography under encryption. Even assuming there was evidence that Novak was on notice that his hard drive might contain contraband images, the government presented no evidence that Novak “deliberately failed to make further inquires, intending to remain ignorant.” Chavez-Alvarez, 594 F.3d at 1067. See Trejo, 831 F.3d at 1095 (“A willful blindness .. instruction is appropriate when there is evidence to support the inference that the defendant was aware of a high probability of the existence of the fact in question and purposely contrived to avoid learning all of the facts” (internal quotation omitted)). Without any such evidence, a willful blindness instruction should not be given. Cf. id. (government presented sufficient evidence to. warrant willful blindness instruction where defendant claimed codefendant paid her a large amount of money simply to store clothes on her property; “[sjcales, a firearm, and $4,000 in small denominations” were located in defendant’s house; and defendant was observed walking around property where methamphetamine found); United States v. Sigillito, 759 F.3d 913, 940 (8th Cir. 2014) (willful blindness instruction warranted in prosecution for crimes related to Ponzi scheme where “[t]he eyidence showed that if [defendant] lacked knowledge, it was because he deliberately avoided acquiring it”); Florez, 368 F.3d at 1045 (willful blindness jury instruction appropriate where evidence supported finding that even if defendant did not have actual knowledge, “it was only because she chose not to investigate and effectively buried her head in the sand”).
Because the evidence in this case pointed only to actual knowledge or no knowledge, I believe there is a “reasonable probability that, but for the error claimed, the result of the proceeding would have been different” and that “failing to correct the district court’s error would result in a miscarriage of justice.” Fast Horse, 747 F.3d at 1043-44 (internal quotations and alterations omitted). I would reverse Novak’s conviction and remand for a new trial.